IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

In the Matter of the Search of

| | |
|---|---|
| FOURTEEN ELECTRONIC DEVICES SEIZED FROM 7518 SE EVERGREEN HWY, VANCOUVER, WA | No. MC-11-9098-HZ<br><br>OPINION & ORDER |

Carrie Menikoff
Janet Lee Hoffman
Ramon A. Pagan
Sarah J. Adams
JANET HOFFMAN & ASSOCIATES, LLC
1000 SW Broadway
Suite 1500
Portland, OR 97205

  Attorneys for Petitioners Ryan Scott
  and KTW Enterprises, Inc.

1 - OPINION & ORDER

AnneMarie Sgarlata
Leah K. Bolstad
U.S. ATTORNEY'S OFFICE
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204

      Attorneys for Movant United States
      of America

HERNANDEZ, District Judge:

Pursuant to an order by Magistrate Judge Donald C. Ashmanskas on April 11, 2011, all papers in this case have been sealed. Now before me is the Petition for Return of Property Pursuant to Federal Rules of Criminal Procedure 41(g) ("Petition for Return of Property") (doc. #16), Motion for Temporary Restraining Order Pursuant to Federal Rule of Civil Procedure 65 ("TRO") (doc. #12), and Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 ("Preliminary Injunction") (doc. #13) filed by Petitioners Ryan Scott ("Scott") and KTW Enterprises, Inc. ("KTW") (collectively, "Petitioners").[1] Also before me is the Motion to

---

[1] On May 31, 2011, Petitioners filed a Motion for Return of Property or in the Alternative for Judicial Supervision of Search Procedure ("Motion for Return of Property") pursuant to Fed. R. Crim. P. 41(g). The motion sought an order directing the Government to return property seized or in the alternative, sought an order for judicial supervision of the Government's search procedure with respect to the contents of seized electronic devices. Petitioners argued that the seized electronic devices contained privileged attorney-client communications and that the Government's utilization of a taint team to review the privileged contents were inadequate. In their Reply in Support of Motion for Return of Property and at oral argument on June 14, 2011, Petitioners acknowledged that the Government had provided them with the taint team procedures and conceded that the Government had provided them with enough information for them to withdraw their challenge of the Government's taint team process as "fundamentally or inherently flawed." See Reply in Supp. of Mot. for Return of Property, p. 1. Petitioners, however, raised five additional issues concerning the taint team procedures. At oral argument on June 14, 2011, I ruled on all five of Petitioners' issues. Petitioners Motion for Return of Property is denied.

2 - OPINION & ORDER

Dismiss Motion for Return of Property (Rule 41(g)) and Associated Motions ("Motion to Dismiss") (doc. #25) filed by the United States of America (the "Government").

## BACKGROUND

The pertinent facts are as follows:

Petitioners sell, among other things, incense and incense-related products.  On April 6, 2011, the Honorable Karen L. Strombom, a Magistrate Judge for the United States District Court for the Western District of Washington, signed a search and seizure warrant authorizing the seizure of various items from Petitioners' property located at 7518 SE Evergreen Highway, Vancouver, Washington 98664 (the "property").  Decl. of Sarah J. Adams in Supp. of Mot. for Prel. Inj. and TRO ("Adams Decl."), Ex. A, p. 4.  The warrant authorized the seizure of, <u>inter alia</u>, illegal narcotics, synthetic marijuana substances, and currency.[2]  Id.

On April 11, 2011, Judge Ashmanskas signed a search and seizure warrant authorizing the search of various electronic devices seized at the property.  Search and Seizure Warrant, p. 1, 3, ECF No. 2.  The search and seizure warrant authorized the search of: (1) a Hewlett Packard Pavilion model personal computer; (2) two Hewlett Packard personal computers; (3) a Sony laptop computer; (4) a Gateway laptop computer; (5) an Acer laptop computer; (6) two Apple I-phones; (7) a Sanyo Boost mobile phone; (8) a Motorola mobile phone; (9) an external hard drive; (10) two thumb drive data storage devices; and (11) a Sprint mobile phone.  <u>See</u> Id.[3]

---

[2] The record indicates that the Government seized approximately 385 kilograms of Petitioners' inventory.

[3] The Government has returned the Acer laptop computer, two thumb drives, Ipad, and external hard drive.  Aff. of Stephen Grimm in Supp. of Mot. to Dismiss ("Grimm Aff."), ¶ 15.  The Government also states that it is prepared to return a Hewlett Packard personal computer and the Gateway laptop computer.  Id., ¶ 16.

Dismiss Motion for Return of Property (Rule 41(g)) and Associated Motions ("Motion to Dismiss") (doc. #25) filed by the United States of America (the "Government").

## BACKGROUND

The pertinent facts are as follows:

Petitioners sell, among other things, incense and incense-related products.  On April 6, 2011, the Honorable Karen L. Strombom, a Magistrate Judge for the United States District Court for the Western District of Washington, signed a search and seizure warrant authorizing the seizure of various items from Petitioners' property located at 7518 SE Evergreen Highway, Vancouver, Washington 98664 (the "property").  Decl. of Sarah J. Adams in Supp. of Mot. for Prel. Inj. and TRO ("Adams Decl."), Ex. A, p. 4.  The warrant authorized the seizure of, <u>inter alia</u>, illegal narcotics, synthetic marijuana substances, and currency.[2]  Id.

On April 11, 2011, Judge Ashmanskas signed a search and seizure warrant authorizing the search of various electronic devices seized at the property.  Search and Seizure Warrant, p. 1, 3, ECF No. 2.  The search and seizure warrant authorized the search of: (1) a Hewlett Packard Pavilion model personal computer; (2) two Hewlett Packard personal computers; (3) a Sony laptop computer; (4) a Gateway laptop computer; (5) an Acer laptop computer; (6) two Apple I-phones; (7) a Sanyo Boost mobile phone; (8) a Motorola mobile phone; (9) an external hard drive; (10) two thumb drive data storage devices; and (11) a Sprint mobile phone.  <u>See</u> Id.[3]

---

[2] The record indicates that the Government seized approximately 385 kilograms of Petitioners' inventory.

[3] The Government has returned the Acer laptop computer, two thumb drives, Ipad, and external hard drive.  Aff. of Stephen Grimm in Supp. of Mot. to Dismiss ("Grimm Aff."), ¶ 15.  The Government also states that it is prepared to return a Hewlett Packard personal computer and the Gateway laptop computer.  Id., ¶ 16.

On August 5, 2011, the Government filed a civil forfeiture action against the seized items. On August 22, 2011, District Judge Malcolm F. Marsh signed a warrant for the arrest and seizure of various items, including those items previously seized by the Government pursuant to the search and seizure warrants signed by Judge Strombom and Judge Ashmanskas on April 6, 2011, and April 11, 2011, respectively.

## DISCUSSION

### I. Petition for Return of Property

I turn first to the Petition for Return of Property. Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "Although Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, 'district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant.'" United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993)); see also United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1172 (9th Cir. 2010) ("Though styled as a motion under a Federal Rule of Criminal Procedure, when the motion is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction.") (Citation omitted). When a Rule 41(g) motion is filed before criminal proceedings are instituted, the motion is "treated as [a] civil equitable proceeding[ ] and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." Ramsden, 2 F.3d at 324 (citation omitted).

"[B]efore a district court can reach the merits of a pre-indictment Rule 41(g) motion, the

district court must consider whether: (1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance." Kama, 394 F.3d at 1238 (internal quotations and citations omitted). If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. Ramsden, 2 F.3d at 326.

Under the circumstances here, I decline to exercise equitable jurisdiction over the Rule 41(g) petition. The Ninth Circuit has held that when a civil forfeiture proceeding is pending, a petitioner has an adequate remedy at law and therefore it is not error for the district court to deny a Rule 41(e) motion.[4] See United States v. U.S. Currency, $83,310.78, 851 F.2d 1231, 1235 (9th Cir. 1988)) ("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant."). The Ninth Circuit has also stated that when a civil forfeiture proceeding is pending, a Rule 41(e) motion is properly dismissed because Rule 54(b) of the Fed. R. of Crim. P. ("Rule 54(b)") "expressly provides that the rules [governing the procedure in all criminal proceedings in the United States district courts] are not applicable to 'civil forfeiture of property.'"[5] U.S. v. Elias, 921 F.2d 870, 873 (9th Cir. 1990) (citing U.S. Currency, $83,310.78, 851 F.2d at 1233).

---

[4] In 2002, Rule 41(e) of the Federal Rules of Criminal Procedure ("Rule 41(e)") was reclassified as Rule 41(g). E.g., United States v. Howell, 425 F.3d 971, 976 n.3 (11th Cir. 2005).

[5] Rule 54(b), now Rule 1 of the Fed. R. Crim. P., provides, "Proceedings not governed by these rules include: . . . a civil property forfeiture for violating a federal statute . . . ." Fed. R. Crim. P. 1(a)(5)(B).

5 - OPINION & ORDER

Petitioners attempt to distinguish U.S. Currency, $83,310.78 on its facts, arguing among other things, that this case involves a search and seizure warrant, not a forfeiture warrant as in U.S. Currency, $83,310.78. Mem. in Resp. and Opp'n to Government's Supplemental Mem., p. 2. Petitioners' arguments are unavailing. In U.S. Currency, $83,310.78, 851 F.2d at 1234, the Ninth Circuit specifically addressed the issue of "whether a Rule 41(e) motion survives the filing of a civil forfeiture proceeding" and concluded that "when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant" and that under such circumstances, the district court does not err in denying a Rule 41(e) motion.

Petitioners also contend that the Ninth Circuit's holding in U.S. Currency, $83,310.78 has been rejected outright, relying on Matter of Ninety-One Thousand Dollars in U.S. Currency, 715 F. Supp. 423, 435 (D. R.I. 1989) (citing Floyd v. United States, 860 F.2d 999, 1008 (10th Cir. 1988)). A careful reading of Matter of Ninety-One Thousand Dollars, 715 F. Supp. at 436, however, supports the Government's, not Petitioners', position. In that case, the court ultimately "decline[d] on equitable grounds to rule" on and found it "imprudent to exercise its jurisdiction" over petitioners' Rule 41(e) motion because an administrative forfeiture proceeding was currently pending. Id. at 425.

Finally, Petitioners argue that dismissal of a Rule 41(g) petition is inappropriate when it is unclear whether timely notice of the administrative forfeiture proceeding has been provided as required under 18 U.S.C. § 983(a)(1)(A)(i).[6] Petitioners cite United States v. Clagett, 3 F.3d

---

[6] 18 U.S.C. § 983(a)(1)(A)(i) reads:

> [I]n any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve

6 - OPINION & ORDER

1355, 1356 (9th Cir. 1993) and United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003) to support their proposition. The decisions in those cases, however, do not support Petitioners' position. As Petitioners' readily concede, in Clagett, 3 F.3d at 1356 and Ritchie, 342 F.3d at 906 the Government had already forfeited the property before the district court had addressed the Rule 41(e) motions. Accordingly, the claimants in those cases were left without an adequate remedy at law. See Clagett, 3 F.3d at 1356; Ritchie, 342 F.3d at 906. In addition, in Ritchie, 342 F.3d at 905, the Ninth Circuit specifically addressed the issue of whether the Drug Enforcement Administration ("DEA") must make "reasonable additional efforts" when a letter providing personal notice of the forfeiture proceeding has been returned as undeliverable. Contrary to Petitioners' contention, the Ninth Circuit did not address the specific issue of whether a district court abuses its discretion by declining to exercise equitable jurisdiction over a Rule 41(g) motion when it is unclear whether notice of a concurrent forfeiture proceeding was proper.

Exercising "caution and restraint" as well as my discretion, I decline to exercise equitable jurisdiction over the Petition to Return Property under the circumstances here. The Petition to Return Property is denied.

**II. TRO and Preliminary Injunction**

I turn next to the TRO and Preliminary Injunction. Petitioners seek an order enjoining the Government from "scientific or forensic testing" of the seized property. The purpose of a temporary restraining order is to maintain the status quo until the hearing can be held regarding the preliminary injunction. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck

---

proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

Drivers, 415 U.S. 423, 439 (1974). The purpose of a preliminary injunction "is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. E.g., Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008); see also Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"A party seeking a temporary restraining order or preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." Winter, 555 U.S. at 20. In considering the four elements, the district court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. at 24 (quoting Amoco Co. v. Vill. of Gambell, Alaska, 480 U.S. 531, 542 (1987)); Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009).

The Ninth Circuit has stated that "[t]he elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted). The Ninth Circuit has also stated that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild

8 - OPINION & ORDER

Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotations omitted).  "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22, 32.

     I address each of the four elements below.

### A. Likelihood of Success on the Merits

Because the Petition for Return of Property is denied, I find that this element weighs in favor of the Government.

### B. Irreparable Harm Absent a TRO or Preliminary Injunction

In order to obtain a preliminary injunction, Petitioners "must establish that irreparable harm is likely, not just possible . . . ."  Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) (citation omitted).  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)).

Petitioners assert that the Government's seizure and testing of their inventory is destructive and likely results in irreparable harm.  At oral argument on June 15, 2011, however, the Government stated that the amounts being tested were only "in the gram area."  Tr. of Proceedings, 67:16-22, June 15, 2011.  Accordingly, Petitioners' assertion is not compelling.

Petitioners also argue that the financial losses to their business, loss of business reputation, and loss of current and prospective customers amount to irreparable harm.  Although "[i]t is well established . . . that . . . monetary injury is not normally considered irreparable[,]"

9 - OPINION & ORDER

Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980), damage to reputation and loss of customers may amount to irreparable harm in some instances.  See Regents of Univ. of Cal. v. Am. Broad. Co., Inc., 747 F.2d 511, 520 (9th Cir. 1984).  Here, however, Petitioners fail to produce any evidence showing any actual loss of business reputation or loss of customers.  Instead, they simply rely on statements by their attorney, Sarah J. Adams ("Adams"), asserting among other things that "[i]f the seized inventory is not returned, KTW likely will not be able to survive as a going concern . . . [and will] continu[e] to lose customers . . . [and] loss in reputation . . . ."  Adams Decl., ¶ 6.  Adams' conclusory and bald assertions, without more, do not rise above the level of mere speculation.  See Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985) (declarations of plaintiff's executives detailing the disruptive effect of defendant's exclusive contracts on plaintiff's business could not support the issuance of a preliminary injunction because they were "conclusory and without sufficient support in facts"); Goldie's Bookstore, Inc., 739 F.2d at 472 (reversing issuance of preliminary injunction where district court had determined that plaintiff "would lose goodwill and 'untold' customers" because the finding was "not based on any factual allegations" and thus "appear[ed] to be speculative"); Dotster, Inc. v. Internet Corp. For Assigned Names & Nos., 296 F. Supp. 2d 1159, 1163-64  (C.D. Cal. 2003) ("Although the loss of goodwill and reputation are important considerations in determining the existence of irreparable injury, there must be credible and admissible evidence that such damage threatens Plaintiff's businesses with termination.").  Petitioners' arguments lack merit.  Accordingly, this element weighs in favor of the Government.

/ / /

### C. Balance of the Equities

Under the circumstances here, I conclude that the balance of equities tips in favor of the Government. The harm to Petitioners' business in the absence of a preliminary injunction is overshadowed by the Government's interest in keeping the public safe from the dangers of controlled substances and the harm which could result from requiring the Government to return evidence which may be critical to its ongoing investigation. Accordingly, I find that this element tips in favor of the Government.

### D. Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24 (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). "The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." Indep. Living Ctr. of S. Cal., Inc., 572 F.3d at 659 (internal quotations and citation omitted).

Here, I find that the issuance of the TRO or Preliminary Injunction would not be in the public interest. The record before me indicates that the substances Petitioners are selling may be a controlled substance or its analogue, and therefore may be harmful to the public. The public has a general interest in being free from the risk of harmful products. The risk of exposing the general public to harmful or unsafe substances tips this element in favor of the Government.

Exercising my equitable discretion, I find that Petitioners have failed to make a "clear showing" that Petitioners are entitled to the relief that they seek. Petitioners' TRO and Preliminary Injunction are denied.

11 - OPINION & ORDER

### III. The Government's Motion to Dismiss

I turn last to the Government's Motion to Dismiss. As discussed above, the Petition for Return of Property, TRO, and Preliminary Injunction are denied. The Government's Motion to Dismiss is therefore denied as moot, and I decline to address the parties' arguments related to this motion.

### CONCLUSION

Based on the foregoing reasons, Petitioners' Petition for Return of Property (doc. #16), TRO (doc. #12), and Preliminary Injunction (doc. #13) are denied, and the Government's Motion to Dismiss (doc. #25) is denied as moot.

IT IS SO ORDERED.

Dated this   12th   day of September, 2011.

 /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge